ABRAHAM V. VAN FLEET AND JOHN T. BIRD, ESQS.,
VICE-CHANCELLORS.

---

### FRANK P. HAGERTY

*v.*

### JOHN LEE et al.

A, who was the owner of a strip of land fifty feet wide and two hundred and twenty feet deep, sold the westerly half thereof to B by a deed which contained the following reservation: "Reserving the right to the free use of the light and air over the tract above described in case he should build on the common line between the parties, and the right to put windows in said building overlooking the tract above described" &c. He afterwards built upon the common line between the lands of B and himself, and put in his building several windows overlooking B's land. B is about to erect a building on his

1

Hagerty *v.* Lee.

land that will close two of A's windows and partially close two others.—*Held,* that the reservation operates as a grant of a newly-created easement, at least to light and air from B's premises, and that if it had been made to appear that the interference with A's windows would result in his substantial loss of light and air, he would have been entitled to an injunction ; but as that condition of affairs does not appear, and as his right under the reservation to maintain windows overlooking B's land, that are not necessary for light and air, is unsettled at law, the injunction heretofore issued to restrain the erection of B's proposed building will be dissolved.

On motion to dissolve injunction.

Prior to October, 1884, the complainant, who was the owner of a strip of land fronting fifty feet on Main street, in the town of Phillipsburg, and running back, southerly, that width, two hundred and twenty feet, to Union street, conveyed to Christopher S. Winters the westerly half of that land by deed, which, in the language of the bill, contains the following reservation:

"Reserving the right to the free use of the light and air over the tract above described in case he should build on the common line between the parties, and the right to put windows in said building overlooking the tract above described. It being agreed between the parties hereto that in case either party builds on the common line for a distance of twenty-four feet, more or less, from the south edge of Union street, the line is to be in the middle of the foundation wall, at the option of the parties hereto, and that the expense of the wall and partition to the roof of the building shall be equally borne, share and share alike, by each. The party of the first part reserving the right to continue the wall, in the same way and manner as last above mentioned, but the erection thereof to be at his own expense, with the further right to use the whole wall."

Immediately after the delivery of this deed Winters proceeded to erect a frame dwelling twenty-four feet deep, using therein a party wall of the description contemplated.

In October, 1884, the complainant constructed a store and dwelling upon the land which remained to him, using therein the party wall and a continuation of it, extended by him, southerly, sixty-eight feet. In the extension he made windows overlooking Winters's land.

In June, 1886, Winters sold his property to the defendant, John Lee, by deed which contained the following stipulation:

Hagerty *v.* Lee.

"It is expressly agreed by and between the parties hereto that the said party of the first part conveys these premises, subject to the same reservation and limitation in regard to windows as is recited in the same deed above referred to, made by the said Hagerty to the said Winters. And also it is agreed that the same conditions and agreement regarding the trenches and foundation walls, as recited in said deed, shall be binding upon the parties hereto, and the conditions and covenants in the said deed made by the said Hagerty to the said Winters above referred to, in regard to windows, foundation wall, trenches and partitions or other walls, are to be binding upon the parties hereto, the same as if the said conditions and covenants were herein set forth in the same words as contained in said deed."

On January 10th, 1888, without notice to the complainant, Lee commenced to build an addition to the house upon his land close to the complainant's building, in such manner as to completely shut out the light from two of the windows in the complainant's house, which overlooked Lee's land, and to partially obstruct the light from two other of those windows. On the next day, when the frame work of the addition to the house was partly erected, the bill in this case, setting forth the facts above stated, was filed, and an injunction was issued which restrains the erection of the proposed addition in such manner as to obstruct the passage of light and air through the windows referred to.

The answer admits the allegations of the bill as to the deeds to Winters and Lee; claims that the proposed building will be so erected as not to obstruct the passage of air; admits that it will obstruct light, as in the bill stated; alleges that the complainant will have an abundance of light in the rooms from which the obstructed windows open, through other windows; denies that the deeds, or either of them, give the complainant right to light and air from the defendant's premises, and insists that if those deeds do give that right it must be limited to a sufficiency. Motion is now made to dissolve the injunction.

*Mr. J. G. Shipman,* for the motion.

*Mr. I. W. Shultz, contra.*

THE CHANCELLOR.

I think that the reservation in the deed from complainant to Winters operated as a grant of an easement in the lands of Win-

ters. In *Goddard on Easements 108*, it is said : "An easement cannot strictly be made the subject either of exception or reservation in a deed of conveyance of land, for it is neither parcel of the land granted, which circumstance is requisite to enable a thing to be expected, nor does it issue out of the land, as it should to render it capable of being the subject of a reservation. If, therefore, an easement be incorrectly reserved to a grantor of land, or excepted from the land conveyed, the reservation or exception operates as a grant of a newly-created easement by the grantee of the land to the grantor." *Rosenkrans* v. *Snover, 4 C. E. Gr. 420; Cooper* v. *Louanstein, 10 Stew. Eq. 284.*

It seems to be free from question that the easement extends at least to a sufficiency of light and air from the defendant's premises, although the right of the complainant, under the reservation, to maintain an unlimited and unnecessary number of windows may be doubtful, or at all events is unsettled.

In such a position of affairs I would have no hesitation in restraining any erection that would so deprive the complainant of light and air as to render his occupation of his house decidedly uncomfortable. But he fails to show that he will suffer substantial privation of light or air by the threatened obstruction of the windows of his house. His bill alleges that two windows will be closed and that two other windows will be partially obstructed and darkened, but it does not state that thereby the passage of light and air to his house will be substantially hindered. The defendant, on the other hand, by his answer, insists that, although the obstruction will shut up two windows, it will leave a window or windows in each room of complainant's house through which an abundance of air and light may enter.

Taking the allegation of the answer as true, the proposed office of the injunction is to restrain the erection of a building that will obstruct unnecessary windows. The right to maintain such windows should be established at law before an injunction should issue. *Citizens Coach Co.* v. *Camden Horse R. R. Co., 2 Stew. Eq. 299.*

I will order that the injunction be dissolved, with costs.